NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYAN SCOTT GRAFF,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>DAVID SHINN, Director; MURRIETTA, Unknown; CO II; GUEVARRA, Unknown; CO III; HALL, Unknown; CO II; MILAGAN, Unknown; Sergeant; PEWGLESS, Unknown; CO II; DURAGO, Unknown; CO II; CHARLES L RYAN, named as: Chuck Ryan - Director of Prisons; RICHARD PRATT, Assistant Director of Prisons; UNKNOWN PARTY, named as: Jane Doe - vendor contracted in 2010; UNKNOWN PARTY, named as: Jon Doe - Director of Prisons in 2010; DIGIRO, Unknown; Movement Sgt.; MERRIMAN, Unknown; Provider; C MILBURN, Grievance Coordinator; MANSFIELD, Unknown; Grievance Coordinator CO IIII; LACY, Unknown; Maintenance; CORIZON, Out of State Vendor; CENTURION, Health Vendor; L CARR, Director of Nursing; S WRIGHT, Health Care Worker; ARTEMISA CORDOVA, NMI,<br><br>Defendants-Appellees. | No. 22-16182<br><br>D.C. No.<br>2:20-cv-01630-ROS-DMF<br><br>MEMORANDUM* |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted June 20, 2024[**]

Before: D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Bryan Scott Graff, an Arizona state prisoner, appeals pro se from the district court's judgment dismissing his claim under 42 U.S.C. § 1983 and the Eighth Amendment for deliberate indifference to his serious medical needs against Centurion of Arizona, LLC (Centurion). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016), and we affirm.

"Prison officials violate the Eighth Amendment if they are 'deliberately indifferent to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (cleaned up). Centurion, a private entity, provides correctional healthcare services at Graff's Arizona state prison and treated Graff for hernia pain in 2020. We conclude that Graff's hernia constituted a serious medical need, but the district court properly determined that Graff failed to present evidence from which a reasonable jury could conclude that Centurion was deliberately indifferent to that

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

serious medical need.

No reasonable jury could conclude based on the evidence in the summary judgment record that Centurion "has the policy/practice of not fix[]ing hernias to save money." Graff first brought his hernia pain to Centurion's attention on July 1, 2020. Within two weeks, Graff had been seen by both a nurse and a nurse practitioner, with the latter ordering a surgical consultation at an outside medical facility. Centurion authorized the surgical consultation, which took place on September 21, 2020. Graff underwent hernial repair surgery on October 22, 2020, less than four months after Graff first brought his concerns to Centurion's attention. These facts could not support a jury's finding of deliberate indifference to Graff's serious medical needs.

Graff points out that the nurse practitioner who first saw him initially recommended an ultrasound rather than a surgical consultation. The same provider, however, quickly rescinded that recommendation and ordered a surgical consultation a day later. This sequence of events does not suggest a policy of delay or deliberate indifference to Graff's serious medical needs.

Graff suggests that his hernia was life-threatening and that Centurion should have authorized emergency surgery soon after his July 1, 2020, request. Record evidence indicates that Graff's condition did not constitute a life-threatening emergency or warrant immediate surgery. Graff's disagreement with his medical

3

providers, standing alone, does not create a question of deliberate indifference for a jury. *See Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (quoting *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012)), *overruled on other grounds by Peralta*, 744 F.3d at 1083.

Graff suggests that Centurion's policy of delaying hernia surgeries can be inferred from nurse practitioner Merriman's July 22, 2020, question to Graff regarding how much time he had left to serve in prison. However, by July 22, another nurse practitioner had already ordered a surgical consultation for Graff, and that request was pending before Centurion authorized the consultation just two days later, on July 24. Graff contends that another inmate "did not get surgery for two years," but Graff neither describes the other inmate's circumstances nor states that the delay occurred after July 1, 2019, when Centurion assumed responsibility for inmate healthcare at the prison.

The district court concluded that there is "a question of fact whether Plaintiff suffered a constitutional violation due to not being provided adequate pain relief medications" before surgery. But even assuming that Merriman was deliberately indifferent to Graff's pain, the district court correctly observed that "there is no evidence Merriman acted pursuant to a policy of Centurion; nor is there any

4

evidence that [Graff] continually sought and was denied pain medications from any other Centurion providers from which a reasonable jury could infer that [] Merriman's failure to provide adequate pain relief was part of a 'permanent and well settled' practice of Centurion." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)).

As the district court correctly determined, there is no evidence that Merriman acted pursuant to a policy of Centurion, or that Merriman's failure to provide pain relief was part of a permanent and well-settled practice or custom of Centurion. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that, to prevail on a Section 1983 claim against a private entity under *Monell*, the plaintiff must show that a constitutional violation "was caused by an official policy or custom" of the private entity); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Graff next argues that Centurion staff were deliberately indifferent to his medical needs by prescribing him Tylenol 3 with codeine rather than a prescription narcotic following his surgery. Graff has presented no evidence that this medication substitution constituted deliberate indifference. The medical staff explained to Graff that Tylenol 3 was a stronger narcotic than Norco and noted that Tylenol 3 was "the strongest medicine that we stock for postoperative pain." Record evidence reflects that Tylenol 3 was an adequate substitute for Norco, and

5

the doctor's prescription explicitly stated that substitutions were permitted.

Graff also argues that Centurion's medical staff exhibited deliberate indifference to his serious medical needs by failing to provide him with boxer briefs following his surgery. Graff did not raise this argument in his response to Centurion's motion for summary judgment in the district court, and the district court did not address this issue. We therefore decline to reach it. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

Finally, Graff contends that Centurion's failure to provide him with the same prescription narcotic pain medication that would have been provided to a non-prisoner violates the Equal Protection Clause of the Fourteenth Amendment. Because Graff did not present this issue to the district court, we also decline to address it for the first time on appeal. *See id*.

**AFFIRMED.**